[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
ON MOTION TO SET ASIDE VERDICT AND FOR ADDITUR
This personal injury case involved a collision on August 29, 1997, between a motor vehicle operated by the plaintiff, John Showah, and a vehicle operated by Laura Gardner. John Showah brought an action for personal injuries, and his wife, Dolce Showah, sued for loss of consortium. Laura Gardner and Suzanne Gardner, the owner of the vehicle driven by Laura Gardner, admitted that the collision was the result of Laura Gardner's negligence.
The action was tried before a jury on January 31 and February 1, 2001, and the jury returned a verdict on February 2, 2001, awarding John Showah $9791.51 in economic damages, and awarding nothing on his claim for non-economic damages and nothing on Dolce Showah's claim.
The plaintiffs have moved to set aside the verdict and for additur. The defendants oppose the motion. The court has carefully reviewed its notes taken during the trial and the admitted exhibits. It has also carefully considered the pertinent case law, most notably, Wichers v. Hatch,252 Conn. 174 (2000), which disavowed an earlier established precedent CT Page 4450 that a jury award of economic damages without non-economic damages wasper se improper.
At trial, John Showah testified that the August, 1997 collision resulted in back pain, which increased during the subsequent twenty-four hour period and which persuaded him to see his regular physician, who referred him to an orthopedist. Since then, he has seen several other medical practitioners, attended physical therapy, and is presently seeing a physician who is board certified in pain management. Showah testified that he continues to be in severe pain, which has limited his physical activities substantially. Evidence was submitted that John Showah had incurred medical treatment expenses of $13,666.51.
The defendants called Dr. Skolnick, who performed an independent medical examination on John Showah. Dr. Skolnick testified, among other things, that the plaintiff magnified his symptoms and had a degenerative back condition, which appeared to cause most of the pain problems. He conceded that while, in his opinion, the 1997 collision did not aggravate the back condition, it could aggravate the pain therefrom.
In Wichers v. Hatch, supra, the Connecticut Supreme Court stated that in a case where a jury has awarded economic but no non-economic damages, that decision
 is best tested in light of the circumstances of the particular case . . . the trial court should examine the evidence to decide whether the jury reasonably could have found that the plaintiff had failed in his proof of the issue. That decision should be made, not on the assumption that the jury made a mistake, but, rather, on the supposition that the jury did exactly what it intended to do.
Id., 188-189. The Wichers court continued, quoting from Birgel v. Heintz,163 Conn. 23 (1972):
 In passing upon a motion to set aside a verdict, the trial judge must do just what every juror ought to do in arriving at a verdict. The juror must use all his experience, his knowledge of human nature, his knowledge of human events, past and present, his knowledge of the motives which influence and control human action, and test the evidence in the case according to such knowledge and render his verdict CT Page 4451 accordingly. . . . The trial judge in considering the verdict must do the same . . . and if, in the exercise of all his knowledge from this source, he finds the verdict to be so clearly against the weight of the evidence in the case as to indicate that the jury did not correctly apply the law to the facts in evidence in the case, or were governed by ignorance, prejudice, corruption or partiality, then it is his duty to set aside that verdict and to grant a new trial. . . . The trial judge has a broad legal discretion and his action will not be disturbed unless there is a clear abuse. . . . A mere doubt of the adequacy of the verdict is an insufficient basis for such action. . . . A conclusion that the jury exercised merely poor judgment is likewise insufficient. . . . The ultimate test which must be applied to the verdict by the trial court is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption.
Wichers v. Hatch, supra, 252 Conn. 186-187.
The court determines that the jury verdict awarding no non-economic damages to John Showah was contrary to the evidence and a misapplication of the law. While there was evidence that John Showah had discrete instances of back pain in the years prior to the collision with the Gardner vehicle, possibly due to a degenerative back condition, the type and continuity of pain the evidence showed he suffered as a result of the collision was of a completely different nature and magnitude. In contrast to Dr. Skolnick's observation that John Showah amplified his symptoms, other physicians found evidence that he, indeed, was suffering painful consequences of the collision. In addition, the treatments Showah underwent following the collision were in themselves causes of significant pain. He underwent numerous injection procedures administered by Drs. Prywes and Kloth. John Showah described the injection procedures as more painful than the accident itself, and Dr. Kloth described them as "uncomfortable." It seems highly unlikely that the plaintiff would repeatedly undergo such discomfort if he was not suffering some pain from the accident. CT Page 4452
The jury awarded more than 70 percent of Showah's claimed medical bills as economic damages. Having found these damages as proximately caused by the Gardners' negligence, and recognizing that these were expenses, for the most part, if not entirely, addressed to the treatment of John Showah's back pain, the verdict awarding no non-economic damages for pain and suffering is not comprehensible, not logical and not in accordance with the law.
Based on the above, and pursuant to General Statutes § 52-228b, the court determines that an additur of $20,000 should be granted on the John Showah verdict. If the defendants do not accept the additur on or before April 13, 2001, the court will grant plaintiffs' motion to set aside the verdict and order a new trial.
Adams, J.